UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ATRIL R. DAVIS,

        Plaintiff,     **ORDER**

   -against-         CV 16-4874 (ADS)(AYS)

DANIEL J. FARRELL, et al.,

        Defendants.
-------------------------------------------------------------X

**SHIELDS, Magistrate Judge:**

   This is a diversity case in which Plaintiff seeks damages associated with a car accident that occurred in Nassau County, New York. Docket Entry ("DE") 1-1. Plaintiff filed the action in New York State Supreme Court, County of Kings, on or about June 22, 2016. On August 31, 2016, Defendants removed this case to this court, choosing this Long Island Courthouse as the forum for this litigation. DE 1.

   On October 6, 2017, this Court held an initial conference. DE 8. That same day, the Court so ordered the parties' proposed discovery order, which set February 17, 2017 as the fact discovery deadline, and June 26, 2017 as the date to complete all discovery. DE 7. On February 27, 2017, the parties submitted a joint status letter stating that depositions were scheduled for April 19, 2017, and that physical examinations would be held within sixty days of the depositions. DE 13. On February 28, 2017, the date after receiving the parties' status letter, this Court scheduled an in person status conference for March 22, 2017. See Order dated February 28, 2017. Such conference was held; however, Plaintiff failed to appear. DE 14. The parties were thereafter directed to appear for an in person status conference on June 6, 2017. DE 14.

   On April 19, 2017, the Court received a status letter from Defense Counsel, which advised the Court that the Plaintiff's deposition had not gone forward, as Plaintiff was out of the country on the date that the deposition was scheduled to take place. DE 15. In his letter, Defense

1

Counsel stated that he consented to adjourning Plaintiff's deposition to May 5, 2017, and additionally pointed out that Plaintiff adjourned depositions twice and failed to appear for a status conference. DE 15.

On May 26, 2017, Defense Counsel filed a letter with this Court seeking an adjournment of the June 6, 2017 conference, and further advised the Court that he was in the process of setting up a "Skype" (or video conference) deposition for his client. DE 16. Shortly thereafter, Plaintiff filed a response in opposition to Defendant's letter in which Plaintiff noted his objection to the taking of Defendant's deposition via Skype. DE 17. This Court denied the motion to adjourn without prejudice for failure to comply with this Court's rules. See Order dated May 30, 2015. In that same order, the Court instructed parties to brief their positions as to the taking of Defendant's deposition by way of Skype. Id. Both sides have submitted their briefs, and the issue is now ripe for decision.

I. Parties Positions

Plaintiff argues that Defendant's request to have Defendant Farrell's deposition conducted via Skype should be denied because (1) Farrell has affirmatively chosen the Eastern District of New York as the forum for this litigation, (2) Farrell has not demonstrated that he will suffer hardship, and/or that he is physically or financially unable to come to New York, and (3) Farrell failed to raise the issue in question in a timely manner. DE 19. Plaintiff further argues that he will be prejudiced if the deposition occurs via video conferencing because he will be unable to see Farrell's demeanor or what documents are present during his deposition. DE 19.

Defendant, on the other hand, while conceding that he has chosen the forum, argues that his motion should be granted because (1) regardless of venue, depositions can be taken via remote

electronic means either by stipulation or by order of the Court, and (2) Plaintiff has failed to proffer a valid reason to deny Defendant's motion. DE 20.

II. Legal Standard

The Court first notes that on December 1, 2015, the Federal Rules of Civil Procedure were amended. In particular, Rule 1 now states that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The focus of the changes, as they apply to discovery, is to "improve the administration of civil justice" and to "to discourage over-use, misuse, and abuse of procedural tools that increase cost and result in delay." Comment to 2015 Amendment to Rule 1 of the Federal Rules of Civil Procedure. The 2015 Amendment to Rule 1 is aimed at making clear that "[e]ffective advocacy is consistent with -- and indeed depends upon -- cooperative and proportional use of procedure." Id.

Although a party noticing a deposition can generally choose the location for the deposition, "courts presume that a deposition of a non-resident defendant should generally be conducted in the district where the defendant lives or works." Robert Smalls Inc. v. Hamilton, 2010 WL 2541177, at *1 (S.D.N.Y. 2010). However, this presumption is based on the belief that a plaintiff, unlike a defendant, is entitled to select the forum. Id. The presumption is not a rule that a court must follow, but "'merely a decision rule that facilitates determination' when other relevant factors—for example, cost, convenience, and litigation efficiency—do not favor one side over the other." Estate of Gerasimenko v. Cape Wind Trading Co., 272 F.R.D. 385, 390 (S.D.N.Y. 2011) (quoting Robert Smalls Inc., 2010 WL 2541177, at *1).

Rule 30(b)(4) of the Federal Rules of Civil Procedure states that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other

remote means." Rule 30(b)(4). However, the rule does not articulate the standard for assessing motions requesting a deposition be conducted remotely via telephone or video conferencing. Some courts in this District have required a showing of physical or financial hardship before granting a telephonic deposition, whereas other courts in this District have found that such a showing is unnecessary. See Stephens v. 1199 SEIU, 2011 WL 2940490, at *1 (E.D.N.Y. 2011) (collecting cases). Courts in this Circuit "generally apply different standards depending on whether the party seeking the deposition or the deponent—as an alternative to traveling to the district in which the action was filed—requests that the deposition occur remotely." Gerasimenko, 272 F.R.D. at 387. The ultimate determination, however, is left to the discretion of the Court after carefully balancing the relevant facts. Stephens, 2011 WL 2940490, at *1 (citing Gerasimenko, 272 F.R.D. at 387).

  III.  <u>Deposition of Farrell's Request to be Deposed Remotely Via Skype</u>

As stated above, the court must weigh the relevant facts to "achieve a balance between claims of prejudice and those of hardship." Gerasimenko, 272 F.R.D. at 387 (quoting Normande v. Grippo, 2002 WL 59427, at *1–2 (S.D.N.Y. 2002)). Relevant factors in this case are summarized below.

 1. <u>Hardship to Mr. Farrell</u>

Although Defendant claims hardship in travelling to New York, he submits no affidavit or documentary evidence in support of his claim that traveling from his home state of New Hampshire to New York would create a hardship. Indeed, Farrell does nothing more than assert that "he does not travel outside of New Hampshire and would need to take 2 days off from his current job." DE 20. Without more, such argument is wholly unpersuasive as the complaint alleges that Farrell has previously traveled outside of New Hampshire. Specifically, the

4

complaint alleges that at the time of the accident – which forms the basis of Plaintiff's cause of action – Farrell was operating a truck in Oyster Bay, Nassau County, NY. Complaint ¶ 23, DE 1. Thus, the Court finds that Farrell has not demonstrated that traveling to New York would impose a hardship on him.

2. Prejudice to Plaintiff

Plaintiff contends that he will be prejudiced if Farrell's deposition is conducted via Skype because he will see neither Farrell's demeanor nor the documents presented. Plaintiff's argument is thin. He nowhere contends that the documents presented will be voluminous, and the Court notes that it may be possible to alleviate such concerns if he and opposing counsel conferred as to what documents will be used. Moreover, Plaintiff will be able to view Defendant's demeanor via video conferencing.

3. The Motion is Denied Without Prejudice

At this time, the Court concludes that the circumstances of this case do not support the taking of Defendant's deposition via Skype. Defendant has not adequately demonstrated that he would be subjected to anything more than an inconvenience by traveling to New York for his deposition. His allegation that he does not travel to New York is unsupported.

Defendant has, however, raised issues that might tip the balance in his favor. Therefore, the Court denies Defendant's motion at this time without prejudice to making a clearer submission as to why he is unable to travel to New York for a deposition. In particular, such submission should make clear the particular hardship faced by Defendant if he is required to travel to New York to sit for a deposition. That submission should describe why Defendant is unable to travel to New York and make clear his work schedule so as to support his claim that traveling to New York will impose a burden on him.

Ultimately and upon further submission, a showing of a hardship may lead to a ruling that the deposition to take place via Skype. This is especially true in light of the Federal Rules, which favor that discovery be carried out efficiently and cost effectively. Fed. R. Civ. P. 1. The Court notes that in the event that the deposition is directed to be conducted via Skype, this Court will impose certain conditions. It will be Defendant's obligation to ensure the quality of the deposition by (1) setting up the Skype deposition with a service provider in a manner ensuring a clear and reliable video transmission by both parties, (2) engaging the services of a reliable videographer to record the deposition, and (3) ensuring that at the time of the deposition an authorized individual is present in New Hampshire to administer the required oath. Additionally, this Court will direct that the Defendant bear the burden of the cost for the court reporter and videographer's services.

To be clear, should Defendant wish to renew his motion, he must include an affidavit setting forth the particular hardships associated with traveling to New York, along with his assurance that he will comply with the conditions set forth above governing any remotely held deposition. Such documentation will allow the Court to determine if a remote deposition should be ordered, and whether that deposition would be any more cost effective than a deposition conducted in New York.

## Conclusion

As set forth above, the Defendant's request to have his deposition taken by way of Skype is denied without prejudice to renewal in conformity with this order. If Defendant Farrell wishes to renew his motion, he must do so no later than July 10, 2017.

SO ORDERED

Dated: Central Islip, New York
June 29, 2017

/s/ Anne Y. Shields  
ANNE Y. SHIELDS  
United States Magistrate Judge